UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:

Sarah E. Sanders,

                    Debtor.

------------------------------------------------------------x

FOR PUBLICATION

Chapter 13

Case No. 25-12587 (JPM)

# MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION FOR PRELIMINARY INJUNCTION

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

**I.     INTRODUCTION**

Before the Court is the Debtor's Emergency Motion for Preliminary Injunction Enjoining Foreclosure Activity Against 322 East 120th Street, New York, NY and Directing Expedited Standing/Entitlement Proceedings ("Motion for Preliminary Injunction") dated December 27, 2025. Dkt. No. 19.[1]  There has been no response or opposition to the Motion for Preliminary Injunction.

The Court held a hearing on January 15, 2026.

For the reasons set forth below, the Motion for Preliminary Injunction is DENIED, as the Court finds that Debtor's residence is property of the estate, and the automatic stay remains in effect with respect to estate property; thus, there is no need for a separate injunction protecting Debtor's residence.

**II.    JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

**III.   BACKGROUND**

On November 19, 2025, the Debtor, pro se, filed a petition for Chapter 13 relief.  Pet., Dkt. No. 1.  This was the second bankruptcy case the Debtor filed this year.  *In Re: Sanders*, No. 25-10628-pb (Bankr. S.D.N.Y. filed Apr. 1, 2025) (automatically dismissed for filing deficiencies

---

[1] All references to "Dkt. No." refer to the docket entries in this case, except when preceded by *Capital One, National vs. Sanders, Sarah, No*. 850286/2014 (N.Y. Sup. Ct. filed Sept. 22, 2014), which refer to the docket entries in that case.

2

June 13, 2025). On December 2, 2025, the Debtor retained counsel. Notice of Appearance, Dkt. No. 8.

On December 27, 2025, the Debtor filed the Motion for Preliminary Injunction. Dkt. No. 19. The Motion for Preliminary Injunction seeks relief pursuant to 11 U.S.C. § 105(a), to enjoin foreclosure proceedings against the Debtor's residence. *Id.* at 1. The Motion for Preliminary Injunction states that a foreclosure judgment exists as to the Debtor's residence, a foreclosure sale was noticed for November 19, 2025, and there is an "imminent risk" that "foreclosure steps will resume" absent a court-imposed stay. *Id.* at 1. The Motion for Preliminary Injunction states explicitly that it is not seeking "an untimely 'extension' under § 362(c)(3)(B)," but rather relief under § 105(a). *Id.* at 2. The Motion for Preliminary Injunction further states that it seeks relief as to the Debtor's principal residence, which "is property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541 and 1306." *Id.* at 3. The Motion for Preliminary Injunction argues that "[c]ourts are divided on the scope of the termination under § 362(c)(3)(A)," with the majority view that "stay termination is partial and does not extend to property of the estate." *Id.* at 4–5. The Motion for Preliminary Injunction also argues that the Debtor "disputes the identity of the party entitled to enforce" the mortgage, that there is "long-running servicing/ownership confusion," and further requests that "any asserted servicer" be required to file documentation as to their right to enforce foreclosure. *Id.* at 5–6.

## IV.    LEGAL ANALYSIS

### A. **Motion for Preliminary Injunction**

11 U.S.C § 362(a) "operates as a stay, applicable to all entities, of . . . the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title," *id.* at (a)(2), as well as "any act to obtain possession

3

of property of the estate or of property from the estate or to exercise control over property of the estate," *id.* at (a)(3). The automatic stay "operates to protect debtors by giving them temporary relief from creditors and protects creditors as a whole by avoiding a first-come first-served race to the debtor's assets." *Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.*, 79 B.R. 534, 540 (S.D.N.Y. 1987).

The automatic stay in place upon the filing of the Debtor's present petition terminated 30 days after the filing of the petition, on December 19, 2025, because the Debtor previously filed a case within the year that was dismissed. 11 U.S.C. § 362(c)(3)(A).[2]

The Debtor, in seeking to prevent a foreclosure action against her home, does not seek "an untimely 'extension' under § 362(c)(3)(B),"[3] but rather seeks relief under this Court's equitable authority under § 105(a).[4] Motion for Preliminary Injunction at 2. The Debtor argues such relief is warranted because there are conflicting views "on the scope of the termination under § 362(c)(3)(A)," with the majority view that "stay termination is partial and does not extend to

---

[2] "[I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13 . . . and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) . . . the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A).

[3] "[O]n the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]" 11 U.S.C. § 362(c)(3)(B).

[4] "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

4

property of the estate." Motion for Preliminary Injunction at 4–5; *see Chekroun v. Weil (In re Weil)*, No. 3:12-cv-462 (SRU), 2013 U.S. Dist. LEXIS 60500, at *1 (D. Conn. April 29, 2013) (affirming "in substantial part on other grounds" a bankruptcy court's granting of debtor's motion to extend the automatic stay).

In *Chekroun*, a creditor who held a mortgage on real property owned by the debtor, and who had obtained a judgment of foreclosure prior to the bankruptcy petition, appealed the Bankruptcy Court's granting of debtor's motion to extend the automatic stay. *Chekroun*, 2013 U.S. Dist. LEXIS 60500, at *1. As here, the debtor filed the bankruptcy petition less than one year after a prior case was dismissed, and accordingly the automatic stay terminated 30 days after the petition date pursuant to § 362(c)(3)(A). *Id.* at *1–2. The debtor in *Chekroun* filed a motion requesting an extension of the automatic stay within 30 days of the petition, and the Bankruptcy Court concluded that "because the motion to extend the stay was filed within thirty days of [debtor's] petition, there was no need to decide the Motion within that time frame." *Id.* at *3. The Bankruptcy Court thus adjourned the hearing until several months later. *Id.* At the subsequent hearing, the Bankruptcy Court, after finding that the debtor filed in good faith, granted the motion to extend the automatic stay. *Id.*

On appeal, the District Court concluded that "[t]he Bankruptcy Court's order extending the automatic stay under [§] 362(c)(3)(B) was . . . issued beyond the statutory deadline and was legally ineffective to extend the automatic stay." *Chekroun*, 2013 U.S. Dist. LEXIS 60500, at *8. However, "[t]hat determination [did] not end the matter," as "[a]lthough the automatic stay terminated pursuant to [§] 362(c)(3)(A), the *scope* of that termination remain[ed] in question."

The District Court observed that § 362(c)(3)(A) provides that the automatic stay shall terminate "*with respect to the debtor.*" *Id.* at *9 (emphasis in original) (quoting 11 U.S.C. §

5

362(c)(3)(A)). The District Court concluded that:

> Most courts to examine the issue have interpreted the "with respect to the debtor" language as limiting the scope and effect of the stay's termination to actions against the debtor personally and against the debtor's non-estate property. Thus, the emerging majority view is that the termination of the automatic stay under [§] 362(c)(3) does not extend to actions against the property of the bankruptcy estate—rather, the stay remains in effect with respect to estate property, which, as a practical matter, encompasses the lion's share of assets in play.

*Chekroun*, 2013 U.S. Dist. LEXIS 60500, at *10.

On the other hand, a minority of courts have concluded that the "statutory language and Congress's intent to punish serial filers" supported a determination that the stay terminates in its entirety – that is, as to the debtor's property and property of the estate. *Id.* at *11.

The District Court in *Chekroun* held in accordance with the majority approach, concluding that "the stay remains operative . . . with respect to estate property even after the thirty-day period expires." *Id.* at *13. Accordingly, "to the extent [creditor's] interests concern estate property . . . the automatic stay with respect to that property was never subject to termination under [§] 362(c)(3), and there was never any need for the debtor to move for—nor for the Bankruptcy Court to grant—an extension." *Id.* at *14–15. The Court thus affirmed the Bankruptcy Court's granting of the motion to extend the automatic stay "in substantial part on other grounds." *Id.* at *15.

The District Court in *Chekroun* did not comment extensively on the distinction between estate property and the debtor's property, apart from observing that in that case, "there [was] nothing to indicate to the contrary" that the creditor's interests concerned estate property, even though the creditor obtained a judgment of foreclosure prior to the bankruptcy petition. *Id.* at *1, 14. The Debtor here asserts, without further elaboration, that the Debtor's principal residence "is property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541 and 1306." Motion for Preliminary

6

Injunction at 3. As in *Chekroun*, the Debtor represents that a "foreclosure judgment exists" as to the relevant property, obtained prior to the filing of the present petition. *Id.* at 1. Here, no opposition to the Motion for Preliminary Injunction was filed.

11 U.S.C. § 541(a)(1) defines property of the estate to include, inter alia, "all legal or equitable interests of the debtor in property as of the commencement of the case."[5] "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979). "In the context of . . . a . . . mortgage foreclosure, under New York law, once the ability to redeem has been lost pre-petition, the foreclosed property sold at a public sale is no longer property of the estate for purposes of [§] 541." *Rodgers v. County of Monroe (In re Rodgers)*, 333 F.3d 64, 68 (2d Cir. 2003).

"Bankruptcy courts have uniformly held that, under New York mortgage foreclosure law, a debtor's right of redemption of, and interest in, the property is extinguished by the auction." *Id.* at 67. "It is well settled that the owner of the equity of redemption has a right to redeem at any time before an actual sale under a judgment of foreclosure." *Id.* at 68 (quoting *United Capital Corp. v. 183 Lorraine St. Assocs.*, 675 N.Y.S.2d 543, 543–44 (N.Y. App. Div. 1998)); *NYCTL 1999-1 Trust v. 573 Jackson Ave. Realty Corp.*, 13 N.Y.3d 573, 579 (N.Y. 2009) ("The equity of redemption . . . allows property owners to redeem their property by tendering the full sum at any point before the property is actually sold at a foreclosure sale."); *In re Rey*, No. 18-12809, 2019 Bankr. LEXIS 705, at *4 (Bankr. S.D.N.Y. Mar. 7, 2019) ("[O]nce the [foreclosure] sale takes

---

[5] 11 U.S.C. § 1306 expands property of the estate to include property and earnings from services acquired during the pendency of the bankruptcy.

7

place, the right to redeem is extinguished.").

In the present case, a notice of sale was issued for November 19, 2025, but the foreclosure sale was cancelled the same day (which is also the same day that the current bankruptcy petition was filed). *Capital One, National vs. Sanders, Sarah*, No. 850286/2014 (N.Y. Sup. Ct. filed Sept. 22, 2014), Dkt. Nos. 171 (Notice of Sale), 182 (Ltr. Cancelling Sale); Pet., Dkt. No. 1. Accordingly, since the foreclosure sale never took place, the Debtor retains her right of redemption in the property. This interest is a legal or equitable interest, rendering that interest property of the estate. *Rodgers*, 333 F.3d at 68; 11 U.S.C. § 541(a).

The Court thus finds, in accordance with *Chekroun*, that the Debtor's interest in her residence is property of the estate, and "the automatic stay remains in effect with respect to estate property." 2013 U.S. Dist. LEXIS 60500, at *15. The Motion for Preliminary Injunction is thus DENIED, because the automatic stay is in effect preventing foreclosure, and thus there is no need for a separate injunction.

## V. **CONCLUSION**

The Motion for Preliminary Injunction is DENIED, because the Court finds that the Debtor's residence is property of the estate, and the automatic stay remains in effect with respect to estate property, and there is no need for a separate injunction protecting the Debtor's residence.

**IT IS SO ORDERED.**

Dated: January 23, 2026  /s/ John P. Mastando III
    New York, New York  HONORABLE JOHN P. MASTANDO III
                                                            UNITED STATES BANKRUPTCY JUDGE