UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x          FOR PUBLICATION
                                                               :
In re:                                                         :          Chapter 13
                                                               :
Sarah E. Sanders,                                              :          Case No. 25-12587 (JPM)
                                                               :
                                                               :
                                    Debtor.                    :
                                                               :
---------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S OBJECTION TO
CLAIM AND GRANTING CHAPTER 13 TRUSTEE'S MOTION TO DISMISS**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

### I.      INTRODUCTION

On November 19, 2025, the Debtor, pro se, filed a petition for Chapter 13 relief.  Pet., Dkt. No. 1.[1]  This was the second bankruptcy case the Debtor filed last year.  *In Re: Sanders*, No. 25-10628-pb (Bankr. S.D.N.Y. filed Apr. 1, 2025) (automatically dismissed for filing deficiencies June 13, 2025).  On December 2, 2025, the Debtor retained counsel.  Notice of Appearance, Dkt. No. 8.  On December 15, 2025, the Debtor filed schedules reflecting a disposable income of $185.34.  Dkt. No. 16 at 22 (Schedule J).  On January 22, 2026, Spectrum Mortgage Holdings, LLC ("Spectrum"), filed a secured claim in the amount of $451,309.36 based on a mortgage on the Debtor's residence.  Claims Register, Claim 3.

On January 23, 2026, the Debtor filed a second set of schedules reflecting a disposable income of $85.34.  Dkt. No. 23 at 12 (Schedule J).  Also on January 23, 2026, the Debtor filed a proposed Chapter 13 plan ("Plan"), which set plan payments at $7,825.87 per month for 60 months. Dkt. No. 24.

Before the Court is the Chapter 13 Trustee's motion to dismiss ("Motion to Dismiss"), dated February 25, 2026.  Dkt. No. 29.

Also before the Court is the Debtor's Motion To Disallow Proof Of Claim No. 3 Filed By Spectrum Mortgage Holdings, LLC, dated March 19, 2026 ("Objection to Claim").  Dkt. No. 30. On April 20, 2026, Select Portfolio Servicing, Inc., as servicer for Spectrum Mortgage Holdings, LLC, filed a response ("Spectrum's Response") to the Objection to Claim.  Dkt. No. 35.

The Court held hearings on the Motion to Dismiss and the Objection to Claim on March

---

[1] All references to "Dkt. No." refer to the docket entries in this case.

19, 2026, and April 23, 2026.

## II.   JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.   BACKGROUND

The Motion to Dismiss argues that the Plan is not feasible as it is not adequately funded for full repayment of secured claims as required by 11 U.S.C. § 1325(a)(5), unless loss mitigation is successful (and the Debtor has not filed a request for loss mitigation despite stating in the Plan that the Debtor would do so).  Dkt. No. 29 at 2.  The Motion to Dismiss argues that the Plan calls for monthly payments that are higher than the Debtor's disposable income.  *Id.*  The Motion to Dismiss further asserts that unsecured creditors would receive less under the Plan than under a Chapter 7 liquidation, and thus the Plan fails to comport with 11 U.S.C. § 1325(a)(4).  *Id.*  The Motion to Dismiss also argues that the Debtor has failed to commence making payments to the Chapter 13 Trustee pursuant to 11 U.S.C. § 1326(a)(1), and further has failed to provide the Trustee with: documentation of the current ownership interest and value of all real property in which the Debtor has an ownership interest; copies of all payment advices or other evidence of payment for the last 60 days before the date of the filing of the petition by the Debtor from any employer of the Debtor pursuant to 11 U.S.C. § 521(a)(1)(B)(iv); and a copy of a federal income tax return or transcript for the most recent year, 7 days before the first meeting of creditors pursuant to 11 U.S.C. § 521(e)(2)(A)(i).  *Id.* at 2–3.  The Motion to Dismiss asserts that the foregoing constitutes cause for dismissal under 11 U.S.C. § 1307(c).  *Id.* at 3.  The Motion to Dismiss was scheduled to be heard on March 19, 2026.

On the morning of the March 19, 2026 hearing, the Debtor filed the Objection to Claim seeking to disallow Spectrum's claim under 11 U.S.C. § 502(b)(1).  Dkt. No. 30 at 1.  The Objection to Claim argues that "Spectrum has failed to establish that it is a person entitled to enforce the operative promissory note under New York law."  *Id.*  The Objection to Claim concedes that "[a] properly filed proof of claim may constitute prima facie evidence of validity and amount," but argues that "the Debtor has produced documentary evidence sufficient to rebut any prima facie effect."  *Id.* at 2.  The Objection to Claim cites a "closing-era promissory note" that "reflects a principal amount of $223,250.00."  *Id.* at 5.  The Objection to Claim further claims that "[t]he Owner's Title Insurance Policy issued at the closing references a 'Substitute Mortgage' recording reference among the exceptions."  *Id.* at 5.  And lastly, the Objection to Claim cites, without further elaboration, that "[t]he Debtor has documentation reflecting title/chain-of-title and recording history issues that require strict proof of enforceability."  *Id.*  The Objection to Claim also disputes the amount of Spectrum's claim.  *Id.* at 6–7.

At the March 19, 2026 hearing, the Chapter 13 Trustee prosecuted the Motion to Dismiss for the reasons stated in that motion, emphasizing that no plan payments had been made.  March 19, 2026 Hearing.  Counsel for the Debtor stated that "there is no income from the Debtor," that "the real crux" of the case was the Trustee's point regarding plan payments, and asked for an adjournment on the Motion to Dismiss for the Court to review the Objection to Claim.  *Id.*  Debtor's counsel argued that the Objection to Claim was "dispositive," because if that were granted, "there is no payment due by the Debtor."  *Id.*  The Chapter 13 Trustee responded that "Chapter 13 requires payments to be made and income to be eligible as a debtor."  *Id.*  Debtor's counsel then stated that the Debtor had rental income, and meant earlier only that the Debtor lacked employment income.  *Id.*  The Chapter 13 Trustee noted further issues, and stated that "there's no payments coming in,

4

and I don't see how to move forward here." *Id.*  The Court then asked Debtor's counsel if payments would be made from the rental income while the Court reviewed the Objection to Claim.  *Id.* Debtor's counsel stated, "my client can make payments," argued that they would be less than the payment in the Plan, which was "reflective of the amount" of Spectrum's claim, but was unable to state what that payment amount would be.  *Id.*  The Court adjourned the Motion to Dismiss to April 23, 2026, to be heard in conjunction with the Objection to Claim.  *Id.*  The Court stated to Debtor's counsel that "you need to consider some of these other issues beyond just the claim objection." *Id.*

Spectrum then filed its Response, which argues that Capital One, National Association won a foreclosure judgment against the Debtor's residence, and then assigned its interest to Spectrum. Dkt. No. 35 at 1–3.  Spectrum's Response asserts that the foreclosure judgment is final and subject to res judicata, the Objection to Claim is collaterally estopped by that judgment, and that the *Rooker-Feldman* doctrine also bars the Objection to Claim.  *Id.* at 3–6.  Spectrum's Response argues that its proof of claim was properly filed.  *Id.* at 6–7.

On April 23, 2026, the Chapter 13 Trustee prosecuted the Motion to Dismiss on the same grounds as set forth during the March 19, 2026 hearing, stating that no deficiencies had been cured, no payments had been made, and the Plan was not feasible.  April 23, 2026 Hearing.  Counsel for the Debtor stated that if the proof of claim for claim number 3 "were not to be factored into the payments," the payments would be a "miniscule amount."  *Id.*  Counsel for the Debtor stated, "we're happy to make payments based on the other claims," but that claim 3 was "of an order of magnitude" that it "overwhelmed" the other claims.  *Id.*  Counsel for Spectrum argued it had submitted a judgment of foreclosure and proof of assignment that Spectrum is a holder of the note, and that "this appears to be an attempt to relitigate a state foreclosure action." *Id.*  Debtor's counsel

stated that he had no "evidence that [Spectrum] was the rightful holder" of the mortgage debt. *Id.*

Counsel for Spectrum argued that its proof of claim established prima facie evidence of the validity

and amount of the claim, and that Debtor's "mere baseless allegation" had not defeated the proof

of claim by clear and convincing evidence. *Id.*  The Chapter 13 Trustee then stated that its Motion

to Dismiss may make the Objection to Claim moot, as, using disposable income to set Plan

payments, the Plan would not be feasible even ignoring Spectrum's claim. *Id.*  Debtor's counsel

stated that there was "room to maneuver," that the Debtor could increase the rent on her tenants,

and is not working now but could work. *Id.*  The Court then asked why no plan payments of any

amount had yet been made, and Debtor's counsel stated "they could be made," his client wanted

to make payments, but that "the payment amount was just so large," and that Debtor's counsel was

unsure what amount to pay. *Id.*  The Chapter 13 Trustee then stated, "there is a misunderstanding

on how plan payments work" and that "plan payments are based on disposable income in

[Schedules] I and J, and shouldn't be backed out based on the total amount of debt." *Id.*  Debtor's

Counsel stated that "I do understand that," that the Trustee's point "was absolutely correct," and

"perhaps strategically I should have been more thoughtful about starting payments," stating that

payments could start immediately. *Id.*

### IV.    LEGAL ANALYSIS

#### A. Objection to Claim

A proof of claim filed under 11 U.S.C. § 501 is "deemed allowed" unless a party objects.

11 U.S.C. § 502(a).  Once an objection is filed, the Court must determine the amount of the claim

as of the petition date and allow the claim "except to the extent that 'such claim is unenforceable

against the debtor.'" *Cadle Co. v. Mangan (In re Flanagan)*, 503 F.3d 171, 179 (2d Cir. 2007)

(quoting 11 U.S.C. § 502(b)).  Under Federal Rule of Bankruptcy Procedure 3001(f), a properly

filed proof of claim is "prima facie evidence of the validity and amount of a claim." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (citing Fed. R. Bankr. P. 3001(f)). "[T]he objector bears the initial burden of persuasion." *Id.* The objector must produce "evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* (quoting *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–174 (3d Cir. 1992)). The claimant "must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Id.*

The Court finds that Spectrum has established a prima facie valid claim. Federal Rule of Bankruptcy Procedure 3001(c) lists the "[r]equired [s]upporting [i]nformation" for a proof of claim. The Court agrees with Spectrum that it has provided this information. *See* Fed. R. Bankr. P. 3001(c); Dkt. No. 35 (Spectrum's Response) at 6–7; Claims Register, Claim 3-1 at 4–11 (Official Form 410A), 12–13 (note as to Debtor's residence), 47–48 (NYC Department of Finance Office of the City Register Recording and Endorsement Cover Page reflecting assignment of mortgage of Debtor's residence to Spectrum), 49 (Assignment of Mortgage to Spectrum), 54–56 (escrow account statement). Federal Rule of Bankruptcy Procedure 3001(d) also states that "[i]f a creditor claims a security interest in the debtor's property, the proof of claim must be accompanied by evidence that the security interest has been perfected." Spectrum provided evidence that it recorded its security interest and thus perfected the mortgage. Claim 3-1 at 47–48 (NYC Department of Finance Office of the City Register Recording and Endorsement Cover Page reflecting assignment of mortgage of Debtor's residence to Spectrum).

The Objection to Claim concedes that "[a] properly filed proof of claim may constitute prima facie evidence of validity and amount," but argues that "the Debtor has produced documentary evidence sufficient to rebut any prima facie effect." Dkt. No. 30 at 2. The Objection

to Claim cites a "closing-era promissory note" that "reflects a principal amount of $223,250.00." *Id.* at 5. The Objection to Claim does not articulate how this constitutes a basis to disallow Spectrum's claim. Spectrum cites the same note as the Objection to Claim. *Compare id.* at 146–47, *with* Dkt. No. 35 (Spectrum's Response) at 12–13. The Court finds that the Debtor has not sustained her burden on this point. The Objection to Claim next asserts that "[t]he Owner's Title Insurance Policy issued at the closing references a 'Substitute Mortgage' recording reference among the exceptions." Dkt. No. 30 at 5. Lastly, the Objection to Claim claims, without further elaboration, that "[t]he Debtor has documentation reflecting title/chain-of-title and recording history issues that require strict proof of enforceability." *Id.* Again, the Debtor does not articulate how this purported evidence supposedly provides a basis to disallow Spectrum's claim. The Court finds that the Debtor has not established evidence sufficient to carry her burden to rebut the presumption of validity of Spectrum's claim. *In re Oneida Ltd.*, 400 B.R. at 389; Fed. R. Bankr. P. 3001(f). Accordingly, the Objection to Claim is DENIED.[2]

## B. **Motion to Dismiss**

11 U.S.C. § 1307(c) provides:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . for cause, including – (1) unreasonable delay by the debtor that is prejudicial to creditors; . . . (4) failure to commence making timely payments under section 1326 of this title.

"Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount . . . proposed by the plan to the trustee." 11 U.S.C. 1326(a)(1)(A). "'Order for relief' is a term of

---

[2] The Debtor has not responded to Spectrum's arguments that the foreclosure judgment is final and subject to res judicata, the Objection to Claim is collaterally estopped by that judgment, and that the *Rooker-Feldman* doctrine also bars the Objection to Claim, all of which appear to bar the Debtor's Objection to Claim. Dkt. No. 35 (Spectrum's Response) at 3–6.

art in the Bankruptcy Code: as relevant here, an 'order for relief' occurs when a debtor first files a Chapter 13 case or when an earlier case proceeding under another chapter is converted to one under Chapter 13." *Soussis v. Macco (In re Soussis)*, 136 F.4th 415, 421 (2d Cir. 2025) (citing 11 U.S.C. §§ 301(b), 348(a)). "Thus, Section 1326(a)(1) 'effectively requires payments to commence within 30 days after the petition or conversion to [C]hapter 13.'" *Id.* (quoting 8 Collier on Bankruptcy ¶ 1326.02[1] (16th ed. 2025)). The Debtor has conceded that no payments have been made, and the petition was filed more than 5 months ago. The Court concludes that the foregoing constitutes cause for dismissal under 11 U.S.C. § 1307(c)(1),(4).[3]

V.     **CONCLUSION**

The Objection to Claim is DENIED. The Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

Dated: April 27, 2026                                     /s/ John P. Mastando III
            New York, New York                          HONORABLE JOHN P. MASTANDO III
                                                                    UNITED STATES BANKRUPTCY JUDGE

---

[3] The Court notes the following additional issues raised by the Chapter 13 Trustee in the Motion to Dismiss that have not been cured: the Plan is not feasible as it is not adequately funded (based on Debtor's disposable income) for full repayment of secured claims as required by 11 U.S.C. § 1325(a)(5), unless loss mitigation is successful (and the Debtor has not filed a request for loss mitigation despite stating in the Plan that the Debtor would do so); and the Debtor has failed to provide the Trustee with: documentation of the current ownership interest and value of all real property in which the Debtor has an ownership interest; copies of all payment advices or other evidence of payment for the last 60 days before the date of the filing of the petition by the Debtor from any employer of the Debtor pursuant to 11 U.S.C. § 521(a)(1)(B)(iv); and a copy of a federal income tax return or transcript for the most recent year, 7 days before the first meeting of creditors pursuant to 11 U.S.C. § 521(e)(2)(A)(i).